NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BILLY JOE MCLAIN (Cal. Bar No. 290682)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6702
    Facsimile: (213) 894-0141
    E-mail:    billy.mclain@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: SEARCH WARRANT, ARREST WARRANT, AND COMPLAINT | Nos. CR ED-19-0415-M<br>CR ED-19-0416-M<br>CR ED-19-0417-M<br>CR ED-19-0418-M<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BILLY JOE MCLAIN<br><br>**(UNDER SEAL)** |
|---|---|

The government applies ex parte for an order directing that the complaint, arrest warrant, search warrants, and all attachments thereto, the application for the search warrant and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, the declaration of BILLY JOE MCLAIN, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as an unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to

its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

This ex parte application is based on the attached memorandum of points and authorities, the declaration of BILLY JOE MCLAIN, and the records and files in this case, including the application for search warrant and attachments thereto.

Dated: August 7, 2019          Respectfully submitted,

                               NICOLA T. HANNA
                               United States Attorney

                               BRANDON D. FOX
                               Assistant United States Attorney
                               Chief, Criminal Division

                               /s/
                               BILLY JOE MCLAIN
                               Assistant United States Attorney
                               General Crimes Section

                               Attorneys for Applicant
                               UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the search warrant and application for search warrant, and all attachments thereto, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41. In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. Accordingly, the government requests that the documents described in the attached declaration be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide copies of the search warrant at the time the warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

**DECLARATION OF BILLY JOE MCLAIN**

I, Billy Joe McLain, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a search warrant.

2. The search warrant in this case has not yet been executed. The likelihood of discovering the items sought in the search warrant would be diminished if the affidavit in support of the search warrant in this case were made publicly available before the warrant was executed.

3. Further, public disclosure of the warrant or the information in the warrant application could seriously jeopardize other aspects of the investigation, which is ongoing, and may cause co-conspirators to flee, result in the destruction of or tampering with evidence beyond the scope of the warrant, endanger the life or physical safety of an individual, or cause intimidation of potential witnesses.

4. Accordingly, the government requests that the complaint, arrest warrant, search warrants and all attachments thereto, the application for the search warrants and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as a unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in

1

connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide copies of the search warrant at the time the warrant is executed, as required by Federal Rule of Criminal Procedure 41(f).

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 7, 2019.

_____
BILLY JOE MCLAIN